Shaw, C. J.
These are seven writs of error, brought to reverse as many judgments rendered against the plaintiff in error, at the October term of the court of common pleas, in 1843. At that term he was convicted on eight indictments. One of those indictments charged him, in a single count, with breaking and entering, in the night time, a shop of Isaac C. Hildreth, not adjoining to or occupied with a dwelling-house, and stealing, taking and carrying away divers goods of said Hildreth, in said shop being found, in the night time. The judgment awarded on conviction was as follows: “ And the said James Kite, upon his conviction on this indictment, and upon his conviction upon the indictment for stealing the property of William Lapham, and upon his conviction upon the indictment for stealing the property of Abner W. Buttrick and John A. Buttrick, and upon his conviction upon the indictment for stealing property of Alfred Ordway and John L. Ordway, as set out in said several indictments, is adjudged by the court a common and notorious thief. It is therefore considered by the court, that the said James Kite be punished *582 by solitary imprisonment one day; that he afterwards be confined at hard labor for the term of two years; that this sentence be executed upon him in and within the precincts of the state prison, from and after the expiration of four former sentences; and that he stand committed in execution of this sentence.” This judgment has already been reversed, on a writ of error, in the county of Essex, on the ground that when a charge is made of breaking and entering a dwelling-house or shop, and stealing therefrom, the breaking and entering are the gist of the offence, and such conviction cannot be taken as one of those convictions of larceny, which require a sentence as of a common and notorious thief. Commonwealth v. Hope, 22 Pick. 1.
The first of the judgments, now brought before the court, was on an indictment which charges the plaintiff in error with breaking and entering the dwelling-house of Abner W. Buttrick and John A. Buttrick, on the 1st of April 1843, with ■intent to steal; with a second count, charging him with stealing, afterwards, on the same day, goods of said Abner W. and John A. in said dwelling-house. The plaintiff in error was found guilty on the second count only, and was sentenced for this offence, and the offence of stealing from the shop of Isaac C. Hildreth, and other larcenies enumerated, to one term of imprisonment, as a common and notorious thief. As the principal judgment, viz. that of stealing from the shop of Hildreth, with which the present sentence is combined and made a part, has been reversed, (as before stated,) and as the judgment is entire, this also must be reversed.

Judgment reversed.

The second of these seven cases was a conviction for steal ing the goods of Alfred Ordway, and John L. Ordway, and is included as one of three larcenies for which the plaintiff in error was sentenced as a common and notorious thief, in the case of the indictment for stealing from Hildreth. On that ground, it is erroneous. Judgment reversed.
The third of these cases in error is upon a conviction for stealing from the shop of William Lapham. On this *583 conviction, with that of stealing from Hildreth, Buttrick and Ordway, the plaintiff in error was sentenced as a common and notorious thief; which was erroneous.

Judgment reversed.

The fourth of these cases in error is upon a conviction on an indictment for burglariously breaking and entering the dwelling-house of James Dugdale, on the 13th of March 1843, in the night time, with an intent to steal, and a second count charging a stealing, afterwards, on the same day, of goods found in said dwelling-house. On this conviction, the plaintiff in error was sentenced to one day’s solitary imprisonment, and four years’ confinement at hard labor in the state prison. The error assigned is, that although convicted of two or more other larcenies, at the same term, he was not sentenced, in connexion with them, to one term of imprisonment, as a common and notorious thief.
It is now well settled that when breaking and entering a dwelling-house, and stealing therefrom, are charged, this may be regarded both as a charge of the felonious intent of the breaking and entering, and as a substantive charge of larceny ; so that if the breaking, entering and stealing are all proved, the principal charge of house-breaking is established, and the sentence is accordingly; or if the stealing is proved, and not the breaking and entering, the conviction may be for the larceny alone. The object is to meet the proof, as it may come out on the trial. Here the conviction being for the whole charge laid in the indictment, the sentence was right for the burglary, and this conviction could not be combined with others, so that the convict could be sentenced thereon as a common and notorious thief. If there be distinct counts, one charging the larceny separately, and a general conviction, it cannot be known certainly, from the record alone, whether one offence only was proved, or distinct offences. If the larceny charged in the second count appears, in proof, to have been committed at the time of the breaking and entering, then it is merged, and the conviction is properly for burglary, and the sentence must be accordingly. But if a breaking *584 and entering, with an intent to steal, be proved, and a different larceny, done at a different time, be also proved, then the sentence may properly be awarded as for both offences. But it will be known by the judge before whom the case is tried, whether the verdict is to be considered as a conviction for the single offence only, or for separate offences, and it will be reasonable to suppose that the sentence was awarded accordingly. When, therefore, it becomes necessary to decide, as matter of law, upon a writ of error, whether the conviction is sufficient to sustain the judgment, which will be presumed good, until it appears, from the record itself, that it is erroneous ; as it is impossible for the court to see, from the record itself, whether the conviction was for the distinct offences of house-breaking and larceny, or for one combined offence of house-breaking, accompanied with the larceny, the judgment cannot be adjudged erroneous, if warranted by either arpeet of the conviction.
In the present case, the larceny charged in the second count may have been, and probably was, the larceny done in connexion with the breaking and entering stated in the first count, and so merged, and the substantive offence of burglary was properly punished by the sentence awarded.

Judgment affirmed.

The fifth of these cases alleges error in a conviction for breaking and entering the dwelling-house of John A. Knowles, in the night time, with intent to steal, and a second count charging a stealing of the goods of said Knowles, and is precisely, in principle, like the last case.

Judgment affirmed.

The sixth case is error on a conviction for another burglarious breaking and entering of the dwelling-house of John A. Knowles, with intent to steal, and a second count charging larceny of the goods of Knowles. It is like the two last cases, and not erroneous. Judgment affirmed.
The seventh case is on a conviction for breaking and entering the dwelling-house of Joseph Locke, with an intent to steal. The indictment contains a single count only, and on *585 the conviction the plaintiff in error was sentenced to one day’s solitary imprisonment and confinement at hard labor, for four years, in the state prison, to take effect from and after the expiration of three former senten<as specified. The error assigned is, that the judgment was erroneous and void, because there were not three former sentences, legal and valid, and therefore no fixed time for the punishment on this sentence to begin.
B. F. Butler, for the plaintiff in error.
Nelson, (District Attorney,) for the Commonwealth.
The court are all of opinion that it is no error in a judgment, in a criminal case, to make one term of imprisonment commence when another terminates. It is as certain as the nature of the case will admit; and there is no other mode in which a party may be sentenced on several convictions. Though uncertain at the time, depending upon a possible contingency that the imprisonment on the former sentence will be remitted or shortened, it will be made certain by the event. If the previous sentence is shortened by a reversal of the judgment, or a pardon, it then expires; and then, by its terms, the sentence in question takes effect, as if the previous one had expired by lapse of time. Nor will it make any difference, that the previous judgment is reversed for error. It is voidable only, and not void: and, until reversed by a judgment, it is to be deemed of full force and effect; and though erroneous and subsequently reversed on error, it is quite sufficient to fix the term at which another sentence shall take effect. Judgment affirmed.